UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| INEZ H. MARTINEZ, JR.,               ) | |
| )                                     | |
| Plaintiff,          ) | |
| )                                     | |
| VS.                                   ) | Civil Action No.  SA-11-CA-0971-XR |
| )                                     | |
| SOUTH SAN ANTONIO            ) | |
| INDEPENDENT SCHOOL DISTRICT,   ) | |
| )                                     | |
| Defendant.         ) | |
| )                                     | |
| )                                     | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On this date, the Court considered Defendant's Motion for Summary Judgment (docket no. 22), Plaintiff's Response (docket no. 30), and Defendant's Reply (docket no. 31). For the reasons stated below, Defendant's motion is GRANTED.

**Background**

Martinez was initially employed by South San Antonio ISD ("South San") as a custodian during the 1977-1978 school year. On an unspecified date in 1977 he completed an application for employment. In this first job application it is undisputed that Martinez did not disclose a previous felony conviction for burglary that occurred in 1975 (cause number 75-CR-760) and a misdemeanor vehicle theft that occurred in 1977 (Martinez Decl., ¶ 4-5; Defendant's Exh. 7).

Martinez initially worked for the school district for one year, left his position and withdrew money from the Teacher Retirement System of Texas (TRS) (*Id*., ¶ 7; Plaintiff's Exh. E[1]).

On December 14, 1978, an order dismissing cause number 75-CR-760 was entered by the presiding judge of the 144th Judicial District Court of Bexar County, Texas. On that same date the state court also granted the State's motion to withdraw its earlier filed motion to revoke probation.

---

[1]Docket no. 30-5

The State had earlier sought to revoke the probation sentence given in the 1975 case based upon the vehicle theft in 1977.

Martinez again sought employment with the school district in 1979. He claims that at that time he completed a second job application, in which he allegedly disclosed his prior criminal history, and spoke with Alton Turner, the Director of Human Resources, regarding his probation and conviction (*Id.*, ¶ 9).[2]

It is uncontested that Martinez was re-employed by the school district in January 1979 as a maintenance worker.

At some unspecified time in 2010, Plaintiff's then spouse, Rose Marie Martinez (also employed by South San), began to campaign for a seat on the South San Antonio I.S.D. Board of Trustees. Her opponent in that race was then-incumbent Board President Manuel Lopez. The record is also silent as to when Mr. Lopez became aware that Ms. Martinez would oppose his re-election.

In March 2010, Martinez and other South San employees were fingerprinted pursuant to Senate Bill 9, which was passed by the 2007 Texas Legislature. Senate Bill 9, amending the Texas Education Code, requires public school districts to obtain criminal history information for non-certified employees. Tex. Educ. Code Ann. § 22.0833. Pursuant to section 22.085, a school district "shall discharge ... an employee ... if the district ... obtains information through a criminal history record information review that: (1) the employee or applicant has been convicted of: a felony offense under Title 5, Penal Code...." This Subsection, however, "does not apply if the employee ... committed an offense under Title 5, Penal Code and: (1) the date of the offense is more than 30 years before [June 15, 2007]...; and (2) the employee ... satisfied all terms of the court order entered on conviction."[3]

---

[2]Martinez claims that he completed and submitted another application in 1979 and that an application was required in order for him to be readmitted to the TRS (Plaintiff's Resp., at 7). Plaintiff argues that the second application has been wrongfully destroyed or not disclosed by the school district. South San states it has no record of a second application (Defendant's Exh. 2, George Aff., ¶ 7). South San appears to suggest that the original application was annotated with a 1979 date in the margins of the original document.

[3]Title 5 of the Texas Penal Code consists of Chapters 19 (criminal homicide), 20 (kidnapping, unlawful restraint, and smuggling of persons), 20A (trafficking of persons), 21 (sexual

South San directed its general counsel to obtain and review the court files of employees, including Martinez, who appeared to have criminal histories to determine the status of their conviction records. (Defendant's Exh. 3, at 6). South San's termination policy states that the district shall discharge an employee if the employee has been convicted of a felony under Texas Penal Code Title 5, unless the date of the offense is more than 30 years before June 15, 2007, and the employee satisfied all terms of the court order (Plaintiff's Exh. G).  In addition, the school district "may discharge an employee if the District obtains information of the employee's conviction of a felony or of a misdemeanor involving moral turpitude that the employee did not disclose to ... the District."

It appears that the school district possessed the results of the fingerprinting by March 26, 2010.  It has not been disclosed to the Court when South San received the results of its outside counsel's review of the fingerprint results and conviction records.

On June 9, 2010, Martinez's former father-in-law, Barney Perez (also employed by South San), filed his second EEOC charge alleging the school district engaged in age discrimination and engaged in impermissible retaliation against him because he earlier filed an EEOC claim. On July 9, 2010, Martinez's then spouse, Rose Marie Martinez (also employed by South San), filed an EEOC charge against the district alleging retaliation due her affiliation with her father and his EEOC claims.

On August 18, 2010, the school district's outside counsel sent to then Superintendent Ronald Durbon a letter stating that although "a number of District employees were identified as having been arrested and or charged with assaultive offenses, these employees were not *convicted* of such charges." (Italics in original).  The letter further opines that "you have the discretion to discharge Mr. Martinez for his failure to disclose his [1975] conviction of an offense construed as a felony conviction involving moral turpitude."

Martinez was given a letter of termination on August 20, 2010 (Martinez Decl., ¶ 15; Plaintiff's Exh. D). The letter from former Superintendent Ronald Durbon states the reasons for termination is that Martinez falsified his 1977 employment application by omitting his criminal

---

offenses), and 22 (assaultive offenses).  The offense of burglary is addressed in Title 7, Chapter 30 of the Texas Penal Code.

history, a review of his personnel file noted various disciplinary infractions,[4] and that on August 27, 2003, Martinez had been arrested for a family disturbance/assault.

On November 2, 2010, Rose Marie Martinez defeated the then-incumbent Board President Manuel Lopez and on November 10 was sworn in as an elected trustee of the South San Antonio I.S.D. Board of Trustees.

Martinez claims that others who are similarly situated and have previous undisclosed felony convictions were not discharged from their employment. In his complaint, Martinez alleges that his termination was in retaliation for the EEOC claims brought by his former spouse and father-in-law (Plaintiff's Resp. at 1, 3; Martinez Depo. at Vol. 1, pp 84:20-22[5]).

Martinez alleges that he was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623 (ADEA).

## Standard of Review

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine dispute if the record, taken as a whole, could not lead a rational trier-of-fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597–98 (1986).

## Analysis

To establish a *prima facie* retaliation claim under the ADEA, the plaintiff must show "(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that

---

[4] February 26, 1980 (absence from work); January 23, 1989 (unexcused absence); May 17, 1989 (performance evaluation indicates lacks initiative and not a team player); April 17, 1997 (assault on co-worker); March 18 & 23, 1998 (unauthorized absences).

[5] Docket no. 23-1, Defendant's Ex. 5-A

a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (citing *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1112 n.8 (5th Cir. 1998)); *Fanning v. Metro. Transit Auth. of Harris County, Tex.*, 141 F. App'x 311, 313 (5th Cir. 2005). The same standard is applied for Title VII retaliation claims. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008); *Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 690-91 (5th Cir. 2007).

The *McDonnell-Douglas* burden-shifting framework similarly applies to both Title VII and ADEA retaliation claims when the plaintiff has only offered circumstantial evidence to support such a claim. *Ellerbrook v. City of Lubbock, Tex.*, 465 F. App'x 324, 330 (5th Cir. 2012) (applicability of *McDonnell Douglass* to Title VII retaliation claims); *Fanning*, 141 F. App'x at 313 (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)) (applicability of *McDonnell Douglass* to ADEA retaliation claims). Once the plaintiff offers a *prima facie* case, the burden of proof "then shifts to the employer to articulate a legitimate . . . non-retaliatory reason for its employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007); *Ellerbrook*, 465 F. App'x at 330. Once such a showing has been made, the burden shifts back to the plaintiff to prove that the employer's proffered reason is a pretext for the actual unlawful retaliatory reason. *McCoy*, 492 F.3d at 557; *Aryain*, 534 F.3d at 484. Essentially, the plaintiff must show in a Title VII or ADEA retaliation claim that but for the plaintiff engaging in some protected conduct, the employer would not have subjected the plaintiff to an adverse employment action. *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998).

South San concedes that Martinez (1) was qualified for his position as a general maintenance employee, (2) participated in a protected activity, and (3) was subjected to an adverse employment action. South San only disputes that Martinez has established a causal link between his termination and the protected activity, and thus cannot establish a *prima facie* case for retaliation.

Plaintiff argues that the close timing between the protected activity and the adverse employment action establishes the causal link.

What complicates this analysis is that although the school district concedes that Martinez engaged in a protected activity, no party has provided the Court any evidence as to what protected activity Plaintiff engaged in. The Court is not aware of what actions or support Plaintiff provided

to either Mr. Perez or Ms. Martinez in furtherance of their EEOC charges, much less when that protected activity occurred.  In the alternative, it appears that Plaintiff is arguing that his mere associational status with Mr. Perez and Ms. Martinez is what is being relied upon.[6]

The Court assumes that Plaintiff is relying upon his associational status with Mr. Perez and Ms. Martinez for his retaliation claim.  Plaintiff was discharged a mere two months after Mr. Perez filed his EEOC charge and a mere month after Ms. Martinez filed her EEOC charge.  The Court agrees that the timing of Plaintiff's termination is suspicious.  Nevertheless, caselaw requires that Plaintiff establish a causal link between his discharge and the protected activity/associational status.  The United States Supreme Court has recently held that "a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *University of Texas Southwestern Medical Center v. Nassar*, --- S. Ct. ----, 2013 WL 3155234 at *15 (2013).

In this case Plaintiff has raised serious questions about why he was fired.  A fact issue exists as to whether a second employment application was completed by Plaintiff in which he allegedly disclosed his prior criminal history.  In addition, if Plaintiff was discharged because the school district thought he was convicted of a felony offense under Title 5 of the Texas Penal Code, that understanding was incorrect.  Further, the date of the offense was more than 30 years before  June 15, 2007.  In addition, it is unclear whether the 1975 offense was wholly dismissed in 1978.  Accordingly, the school district was not required to discharge Martinez under Texas Education Code §22.085(a) and (b).  To the extent that Plaintiff was discharged for the various work infractions that occurred over the years, Plaintiff has raised a fact issue regarding this alleged justification inasmuch as he continuously received good to excellent performance evaluations over the same time frame.  Accordingly, the only remaining justification offered by the school district is that it contends it had

---

[6] *See Thompson v. North American Stainless*, 131 S. Ct. 863 (2011). In *Thompson*, the Supreme Court held that an employee was entitled to bring a Title VII retaliation claim based upon retaliation suffered in response to the "protected activity" of a co-worker, who was the plaintiff's fiancé. *Id.* at 867–68. The Supreme Court held that the plaintiff was a "person aggrieved" within the meaning of Title VII because he was employed by the same employer as the original EEOC claimant and injuring him was the employer's intended means of harming the claimant. *Id.* In the Court's phrase, plaintiff was within the "zone of interests" sought to be protected by Title VII. *Id.*

the discretionary ability pursuant to Tex. Educ. Code §22.085(d) to discharge Martinez because he was previously convicted of a felony or a misdemeanor involving moral turpitude that he did not disclose to the district.  As stated above, however, a fact issue exists as to whether Plaintiff did disclose the felony in any second job application.  In addition, Plaintiff has raised fact issues that question why other employees who failed to disclose previous felony convictions were not discharged.

The above notwithstanding, the Court is nevertheless still required to dismiss Plaintiff's causes of action because Plaintiff must establish that his protected activity or associational status was a but-for cause of the decision to discharge by his employer.  *See Univ. of Texas Southwestern Medical Center v. Nassar*, --- S. Ct. ----, 2013 WL 3155234 at *15 (2013).

Plaintiff throughout his deposition testimony states that he believes his termination was actually due to a conspiracy to terminate all of Martinez's family working for South San. The conspiracy was allegedly orchestrated by Board President Manuel Lopez, once Lopez learned that Rose Marie Martinez would be running against him on the Board (Martinez Depo. at Vol. 1, pp 21:15-19, 22:2-4, 23:18-25).  In his Declaration opposing the motion for summary judgment, Plaintiff fails to tender any evidence that any EEOC protected activity undertaken by him in support of Mr. Perez or Ms. Martinez was a but-for cause of his discharge.

With regard to Plaintiff's "associational" status claim under *Thompson*, it is correct that Plaintiff could pursue a claim that he was fired in retaliation for his father-in-law and spouse's filing of EEOC charges, however, Plaintiff fails to tender any competent summary judgment evidence to support this claim or create any fact issue.  To the contrary, he is emphatic that he was fired because his wife opposed then Board President Manual Lopez, that then-Superintendent Durbon did Mr. Lopez's bidding by firing him, and that he was unaware of any other reasons for his termination.

Although the Court notes troubling discrepancies in this case, it can only evaluate Plaintiff's claims through the prism of existing Title VII and ADEA law and these discrimination laws do not allow the Court to transform itself into a personnel manager and second-guess the decision to discharge Mr. Martinez.  *See King v. W.W. Grainger Inc.*, 502 Fed. App'x. 360, 363 (5th Cir. 2012).

## Conclusion

The Court finds that Martinez has failed to establish a causal link between any alleged

protected activity/association and his termination. Accordingly, South San's motion for summary judgment (docket no. 22) is GRANTED.

It is so ORDERED.

SIGNED this 26th day of June, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE